IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHARLES D. ZOMBECK, JR.,            )
                                    )
        Plaintiff,                  )
                                    )
    vs.                             )   Civil Action No. 06-953
                                    )
AMADA CO. LTD, a corporation,       )
and AMADA AMERICA, INC., a          )
corporation,                        )
                                    )
        Defendants.                 )

O R D E R

AND NOW, this 22nd day of March, 2007, upon consideration of Plaintiff Charles Zombeck, Jr.'s "Motion Pursuant to Fed. R.C.P. Rule 37(c) to Determine the Sufficiency of Defendant Amada America, Inc.'s Answers to Plaintiff's Requests for Admissions" (document No. 21) filed in the above-captioned matter on March 2, 2007, and upon further consideration of Defendant Amada America, Inc.'s Response thereto,

IT IS HEREBY ORDERED that said Motion is GRANTED in part and DENIED in part, to wit:

>   1. Said Motion is GRANTED to the extent that the Court finds that Defendant Amada America, Inc.'s responses to request for admission Nos. 7, 8, and 11 were insufficient. Pursuant to Fed. R. Civ. P. 36(a), the Court orders that Amada serve amended answers to these requests no later than April 6, 2007; and

> 2. Said Motion is DENIED in all other respects.

Plaintiff argues, in his motion, that the answers provided by Defendant Amada America, Inc. ("Amada") to request Nos. 7, 8, 9, and 11 are evasive and incomplete.  He further argues that the answers "are not adequate, verified denials, nor are they adequate explanations of Defendant Amada's inability to admit or deny in accordance with Fed. R.C.P. Rule 37(c)."  The Court agrees with Plaintiff as to request Nos. 7, 8, and 11, but disagrees as to request No. 9.

Federal Rule of Civil Procedure 36(a) provides that an answer to a written request for admission "shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter."  Rule 36(a) further provides:

> A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder.

While Amada's response to request No. 9 adhered to this criteria, its responses to request Nos. 7, 8, and 11 did not.

Request No. 9 asked Amada to admit that "[t]he subject Amada HDS 1303 NT hydraulic press brake and/or its components which is the subject of this litigation was not equipped with an ISB

Programmable Light Curtain Guard." While Amada set forth numerous objections,[1] it also responded:

> Without waiving its objections to this request for admission, however, Amada admits that this option was not on the subject press brake. By way of further response, Amada refers plaintiff to the pleadings filed, documents produced, depositions taken and its discovery replies in this litigation.

Essentially, then, Amada was asked to admit that the subject press brake was not equipped with a certain part. Amada admitted that this part was not on the subject press brake. To the extent there is a difference between the press brake "not [being] equipped with" the part and the part not being "on" the press brake, Plaintiff has failed to explain this difference. It appears, then, that Amada's response met the substance of request No. 9.

This is not true, however, of the other responses at issue. Request Nos. 7 and 8 are, for purposes of this motion, essentially the same, requesting Amada to admit that "[a]n ISB Programmable Light Curtain Guard is Amada America, Inc.'s unique safety solution for the subject Amada HDS 1303 NT hydraulic press

---

[1] Amada raises many of the same objections to each request. Since the Court has no basis for determining the merits of any of these objections, and since Amada does not, in its brief, provide any argument regarding these objections, the Court will not rule on these objections, nor excuse Amada from answering the requests based on these objections.

brake and/or its components."[2]  Amada objected to both requests, and its response to each request was the same:

> Without waiving its objections to this request, however, Amada admits that a portion of this request for admission is accurately quoted by plaintiff from a small portion of certain product literature, which speaks for itself and says what it says. By way of further response, Amada refers Plaintiff to the pleadings filed, documents produced, depositions taken and discovery conducted to date in this litigation.

This response is insufficient for several reasons.  First, Amada admits that "a portion" of the requests accurately quotes "a small portion" of product literature.  Rule 36(a) provides that "when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder."  Amada never indicates the "portion" of the requests to which it is referring.

More importantly, though, Amada's responses do not at all meet the substance of request Nos. 7 and 8.  Plaintiff seeks for Amada to admit that a certain part is "the unique safety solution" for the subject press brake.  It does not seek for Amada to admit whether he has accurately quoted certain product literature, but rather, whether what the literature apparently says is true.

---

[2] This quote is from request No. 8.  Request No. 7 is identical, except that it substitutes "Amada Co. Ltd." for "Amada America, Inc."  As Amada's responses to both requests were the same, this difference is not relevant here.

Amada's responses do not indicate whether it is admitting or denying whether what the product literature says is true, or, more specifically, whether the part at issue is "the unique safety solution" for the subject press brake. Amada's responses to both request No. 7 and request No. 8 are thus insufficient.

Request No. 11 asks Amada to admit that "[t]here were other pinch guards besides the ISB Programmable Light Curtain Guard available with the subject Amada HDS 1303 NT hydraulic press brake and/or its components which is the subject of this litigation." Amada again sets forth lengthy objections and responds:

> Without waiving its objections to this request for admission, however, Amada states it does not comprehend this request and is therefore unable to respond. To the extent that it does comprehend this request, Amada denies this request as written. To the contrary, the subject press brake contained every element necessary to make it safe and contained no element making it unsafe. By way of further response, Amada refers Plaintiff to the subject press brake, the pleadings filed, documents and manuals produced, depositions taken and discovery conducted to date in this litigation.

As discussed above, Rule 36(a) provides that an answer "shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter." Amada states that it does not comprehend the request but does not "set forth in detail" the reasons for its lack of comprehension.

Amada does object to the request "to the extent that the terms 'other pinch point guards,' 'ISB Programmable Light Curtain

5

Guard,' 'available with,' and 'components' have not been defined with sufficient particularity in the context of this case to permit an intelligent answer." However, Amada does not indicate why these terms need to be defined, nor does it provide any explanation as to why it would not understand these terms. Indeed, the Court finds nothing about any of these terms so incomprehensible as to preclude an answer.[3]

Accordingly, the Court finds that Amada's responses to request Nos. 7, 8, and 11 were insufficient. Pursuant to Rule 36(a), the Court orders that Amada serve amended answers to these requests no later than April 6, 2007. Since Amada's response to request No. 9 was sufficient, no amended answer is required for that request.

s/Alan N. Bloch<br>United States District Judge

ecf:    Counsel of record

---

[3]    Although Amada does state that "[t]o the extent that it does comprehend this request, Amada denies this request as written," this is insufficient because it is unexplained and unclear as to what extent Amada understands the request and what that comprehension would be in this context.