IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHARLES D. ZOMBECK, JR.,           )
                                   )
          Plaintiff,               )
                                   )
     vs.                           )  Civil Action No. 06-953
                                   )
AMADA AMERICA, INC.,               )
                                   )
          Defendant.               )

MEMORANDUM OPINION

BLOCH, District J.

Presently before the Court is Amada America, Inc.'s ("Amada") Motion for Reconsideration of Its Motion for Summary Judgment (Doc. No. 68). For the reasons set forth below, Defendant's motion is granted.

I.   **BACKGROUND**

Plaintiff brings this products liability lawsuit against Amada Company, Ltd.,[1] and Amada America, Inc. (Amada), asserting three claims in his complaint: negligence (Count I), strict liability (Count II), and breach of warranty (Count III).[2]

---

[1] By Order dated November 15, 2007, Amada Company, Ltd., was dismissed from this action for lack of personal jurisdiction. On November 6, 2008, the Third Circuit dismissed Plaintiff's appeal of this Order for lack of appellate jurisdiction.

[2] This Court has jurisdiction based on diversity of citizenship, pursuant to 28 U.S.C. § 1332.

1

Plaintiff alleges that on or about October 11, 2004, he was seriously injured while using a hydraulic press brake that was manufactured and designed by Amada.

By Memorandum Opinion and Order dated January 29, 2009, this Court denied Amada's Motion for Summary Judgment. Amada now seeks reconsideration with regard to "plaintiff's defective manufacture, malfunction, negligence, failure to warn and breach of warranty claims." The Court notes that in both its motion for summary judgment and motion for reconsideration, Amada did not specify how these claims correspond to the three counts set forth in the complaint.

## II. DISCUSSION

### A. Reconsideration as to Count I

In Count I, Plaintiff alleges that the Amada was negligent in the manufacture, design, assembly, sale, supply and/or distribution of the press brake and/or its components.

To establish a negligence claim, Plaintiff has to prove that: (1) Amada owed a duty to design its press brake against foreseeable hazards; (2) Amada breached that duty; (3) the breach caused Plaintiff's injuries; and (4) because of the injury, he suffered actual damages. Phillips v. Cricket Lighters, 841 A.2d 1000, 1008 (Pa. 2003).

In response to Amada's summary judgment motion, Plaintiff merely cited Sheehan v. Cincinnati Shaper Co., 555 A.2d 1352 (Pa.

2

Super. 1988), which considered only a strict liability claim. In addition, Richard E. Harkness, Plaintiff's expert, offers no opinion in support of a negligence claim. See Doc. #34, Exhibit #5, p. 9. In the absence of any evidence and argument concerning the viability of a negligence claim as set forth at Count I, there is no genuine issue as to any material fact, and, therefore, the Court finds that judgment as a matter of law on behalf of Amada is appropriate with regard to this count.

### B. **Reconsideration as to Count II**

In Count II, Plaintiff alleges that Amada is strictly liable to Plaintiff for his injuries sustained by the press brake under both defective design and defective manufacture theories. Amada does not seek reconsideration of the denial of its motion for summary judgment with regard to Plaintiff's defective design theory as set forth at Count II. Rather, Amada seeks reconsideration of the denial of its motion with regard to Plaintiff's strict liability claim based on a negligent manufacture theory.

To establish a strict liability claim under a defective manufacture theory, the plaintiff must prove that the product contained a manufacturing defect and that this defect was a substantial factor in causing Plaintiff's injury. Berkebile v. Brantly, 337 A.2d 893 (Pa. 1975). In a strict liability setting, "it is the product itself which is on trial, and not the

3

manufacturer's conduct." Lewis v. Coffing Hoist Div., Duff-Norton Co., 528 A.2d 590, 593 (Pa. 1987).

A review of the opinion of Richard E. Harkness reveals that it is limited to lending support to a design defect theory. See Doc. #34, Exhibit #5, p. 9. According to Dr. Harkness, "[t]he failure of Amada to provide appropriate safety devices made the press brake unsafe, defectively designed and unreasonably dangerous for its intended or reasonably foreseeable uses." Id. "[I]n a design defect case, the question is whether the product should have been designed more safely." Spino v. John S. Tilley Ladder Co., 696 A.2d 1169, 1172 (Pa. 1997) (citation omitted). To support a manufacturing defect case, Plaintiff must show that the press brake at issue deviated from Amada's design specifications. Dambacher by Dambacher v. Mallis, 485 A.2d 408, 426 (Pa. Super. 1984), appeal denied, 500 A.2d 428 (1985). However, Plaintiff did not address Amada's argument in its response to the summary judgment motion, and he offers no evidence to support a manufacturing defect claim. Therefore, Amada is entitled to summary judgment on Count II to the extent it asserts a claim under a manufacturing defect theory. Count II remains to the extent it asserts a strict liability claim under a defective design theory.

C. **Reconsideration as to Count III**

In Count III, Plaintiff alleges that Amada breached the expressed and implied warranties of merchantability and fitness for a particular purpose.

Plaintiff did not oppose Amada's argument with regard to his breach of warranty claims in his response to Amada's motion for summary judgment. In absence of any evidence and argument from Plaintiff, there is no genuine issue as to any material fact, and, therefore, Amada is entitled to judgment as a matter of law as to Count III.

III. **CONCLUSION**

Based on the foregoing, Amada's Motion for Reconsideration is granted. Summary judgment will be entered as to Count I and Count III of the complaint, and Plaintiff's manufacturing defect claim set forth in Count II.

An appropriate Order will be issued.

s/Alan N. Bloch
United States District Judge

Dated: May 20, 2009

ecf: Counsel of record

5